IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY, | ) | |
| Plaintiff, | ) | No. 06-75 C |
| | ) | (Judge Sweeney) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in the first sentence of paragraph 2. The remainder of the allegations contained in paragraph 2 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute legal conclusions to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies for lack of information sufficient to form a response.

6. Admits.

7. Admits.

8. Admits.

9. Admits, but avers that "approximately 1940" is vague.

10. Admits, subject to the qualification that the alleged uses of the base were not all simultaneous.

11. Admits.

12. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

13. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

14. Admits.

15. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

16. Admits to the extent supported by the alleged agreement, which is the best evidence of its contents; otherwise denies.

17. Admits to the extent supported by the alleged leases and deeds, which are the best evidence of their contents; otherwise denies.

18. Admits the allegations contained in the first two sentences of paragraph 18, and the parenthetical citation following them, subject to the qualification that this parcel has also been referred to by other names. Admits the allegations contained in the third sentence of paragraph 18 to the extent supported by the cited document, which is the best evidence of its contents;

otherwise denies the allegations contained in that sentence. Denies the allegations contained in the fourth sentence of paragraph 18.

19. Admits to the extent supported by the cited "FOSTs" and regulatory approvals, which are the best evidence of their contents; otherwise denies.

20. Denies the allegations contained in the first sentence of paragraph 20 as vague. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by the deeds alleged "on information and belief," which are the best evidence of their contents; otherwise denies.

21. Denies for lack of information sufficient to form a response, as the term "LRA Properties" is undefined and vague.

22. Denies for lack of information sufficient to form a response, as the term "LRA Properties" is undefined and vague.

23. Denies the allegations contained in the first sentence of paragraph 23 for lack of information sufficient to form a response, as the term "LRA Properties" is undefined and vague. Admits the allegations contained in the second sentence of paragraph 23, subject to the qualification that not all of the Northwest Neighborhood was used for housing.

24. Denies for lack of information sufficient to form a response.

25. Denies.

26. The allegations contained in paragraph 26 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Denies the allegations contained in the first sentence of paragraph 27 as vague. The allegations contained in the second sentence of paragraph 27 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies.

29. Admits to the extent supported by the alleged deeds, which are the best evidence of their contents; otherwise denies.

30. Admits the allegation contained in the first sentence of paragraph 30 that plaintiff conducted cleanup activities. The remainder of the allegations contained in this paragraph constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies the allegations contained in the first sentence of paragraph 31 for lack of information sufficient to form a response. The allegations contained in the second sentence of paragraph 31 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the third sentence of paragraph 31 upon the grounds that the term "such activities" renders the sentence vague.

32. Admits; avers that the discovery was made by one builder (McStain), in December 2002.

33. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

34. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

35. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

36. Admits to the extent supported by the cited "plan" documents, which are the best evidence of their contents; otherwise denies.

37. Admits the allegations contained in the first, second, and third sentences of paragraph 37 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in those sentences. Admits the allegations contained in the second sentence of paragraph 37.

38. Denies for lack of information sufficient to form a response.

39. Denies for lack of information sufficient to form a response.

40. Denies for lack of information sufficient to form a response.

41. Denies the allegation contained in paragraph 41 that plaintiff provided notification "promptly," which is subjective and vague; otherwise admits the allegations contained in paragraph 41 to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies.

42. Admits to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies.

43. Admits to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies.

44. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

45. Admits to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies.

46. Denies as vague, and for lack of information sufficient to form a response.

47. Denies as vague, and for lack of information sufficient to form a response.

48. Defendant's responses to paragraphs 1-47 are incorporated by reference.

49. The allegation that the "pertinent part[s]" of the statute are quoted constitutes a legal conclusion and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the accuracy of the quotation to the extent supported by the statute, which is the best evidence of its contents; otherwise denies.

50. The allegation that the "pertinent part[s]" of the statute are quoted constitutes a legal conclusion and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the accuracy of the quotation to the extent supported by the statute, which is the best evidence of its contents; otherwise denies.

51. The allegations contained in paragraph 51 constitute legal conclusions and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied as vague, as the term "LRA properties" is undefined.

52. The allegations contained in paragraph 52 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

53. The allegations contained in paragraph 53 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied; avers that compliance advisories are not legally enforceable.

54. The allegations contained in paragraph 54 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

55. The allegations contained in paragraph 55 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

56. Admits to the extent supported by the statute, which is the best evidence of its contents; otherwise denies.

57. Admits to the extent supported by the statutes, which are the best evidence of their contents; otherwise denies.

58. Admits to the extent supported by the cited correspondence and complaint, which are the best evidence of their contents; otherwise denies.

59. Denies.

60. Denies the allegation contained in the first sentence of paragraph 60 that plaintiff provided notification "promptly," which is subjective and vague; otherwise admits the allegations contained in paragraph 60 to the extent supported by the cited documents, which are the best evidence of their contents; otherwise denies.

61. The allegations contained in paragraph 61 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

62. The allegations contained in paragraph 62 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

63. The allegations contained in paragraph 63 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

64. Defendant's responses to paragraphs 1-63 are incorporated by reference.

65. The allegations contained in paragraph 65 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

66. Admits to the extent supported by the deeds, which are the best evidence of their contents; otherwise denies.

67. The allegations contained in paragraph 67 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

68. The allegations contained in paragraph 68 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

69. The allegations contained in paragraph 69 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

70. The allegations contained in paragraph 70 constitute legal conclusions and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed factual allegations, they are denied.

71. Denies that plaintiff is entitled to the relief described in the "WHEREFORE" paragraph following paragraph 70, or to any relief whatsoever.

72. Denies each and every allegation not previously admitted or qualified.

## AFFIRMATIVE DEFENSES

73. Plaintiff's claims are barred wholly or in part by plaintiff's contributory responsibility for the release of one or more hazardous substances.

74. Plaintiff's claims are barred wholly or in part by plaintiff's material breaches of one or more deed covenants.

75. Plaintiff's claims are barred wholly or in part by plaintiff's failure to mitigate environmental response and remediation costs.

76. Plaintiff's claims are barred wholly or in part by laches.

WHEREFORE, defendant respectfully requests the Court to enter judgment for defendant, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

DAVID R. VECERA
Environmental Attorney
Air Force Legal Services
Agency
Environmental Law and
Litigation Division
Arlington, VA

April 21, 2006

CERTIFICATE OF FILING

I hereby certify that on April 21, 2006, this document was filed electronically. Service is complete upon filing, and parties may access this filing through the Court's system.

s/Kyle Chadwick