IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY, | ) | |
| Plaintiff, | ) | No. 06-75 C (Judge Wheeler) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JOINDER OF PLAINTIFFS UNDER RCFC 19(a) OR, IN THE ALTERNATIVE, FOR CONSOLIDATION WITH CASE No. 05-280C

Pursuant to Rule 19(a) of the Court's Rules ("RCFC"), defendant, the United States, respectfully requests the Court to join the claims of plaintiff, Lowry Economic Redevelopment Authority ("the LRA"), in this action, with the contract claims brought by the four plaintiffs whose severed cases are consolidated with the lead case of Richmond American Homes of Colorado, Inc. v. United States, No. 05-280C, before Judge Baskir. In addition to Richmond American Homes, the other plaintiffs in those consolidated cases are Metropolitan Development IV, LLC; Standard Pacific of Colorado, Inc.; and Touchstone Homes, LLC. We will file a copy of this motion promptly in Richmond American Homes, for the information of Judge Baskir.

The basis for joinder or, in the alternative, consolidation is that each of the four Richmond American Homes plaintiffs seeks damages for alleged breaches by the United States of real property deed covenants to which the LRA was an original contracting party. As demonstrated below, it is black-letter law that the Court should address all such claims together.

I. The Deed Covenants Upon Which The LRA Relies Are The Same Deed Covenants Upon Which Plaintiffs In Consolidated Case No. 05-280C Rely

The LRA's complaint contains two counts. The gravamen of the LRA's second count is identical, in part, to the gravamen of the second count of the complaint filed in Richmond American Homes in March 2005. The LRA and the Richmond American Homes plaintiffs all allege that the United States has breached covenants contained in particular real property deeds, by which the Federal Government conveyed certain property at the site of the former Lowry Air Force Base in Denver, Colorado, to the LRA. LRA Compl. ¶ 20; Richmond Am. Compl. ¶¶ 25-28 (attached). The only contractual relationship with the United States that is alleged by the Richmond American Homes plaintiffs rests upon their allegation that the deed covenants ran with the land, when the LRA subsequently conveyed the property to the Richmond American Homes plaintiffs, for the construction of a housing development. See id. Thus, count two of the instant complaint and count two of the Richmond American Homes complaint are founded, in material part, upon the same contracts. Not similar contracts – exactly the same contracts.

The breach damages sought by all plaintiffs also arise from the same series of events. The LRA and the four Richmond American Homes plaintiffs all seek compensation from the United States for costs they incurred in responding to a series of "compliance advisories" from the Colorado Department of Public Health and the Environment, relating to discoveries of asbestos-containing material at the Lowry site. LRA Compl. ¶¶ 32-37; Richmond Am. Compl. ¶¶ 43-52. Again, the compliance advisories alleged in the two matters are not just similar – they are the same compliance advisories. The alleged damages differ only with respect to the specific

costs that these compliance advisories allegedly caused each of the five plaintiffs (LRA and the four developer plaintiffs) to incur.

Judge Baskir ruled during a telephonic status conference in August 2005 that the Richmond American Homes plaintiffs, which had filed a single, joint complaint, were improperly joined in a single lawsuit, apparently because their claims arise from separate transactions – i.e., separate conveyances from the LRA to each plaintiff. Cf. Franconia Assocs. v. United States, 61 Fed. Cl. 335, 336-37 (2004) (noting that requirement in RCFC 20(a) of "same transaction" requires the "same contract"). Judge Baskir ordered those four plaintiffs severed into separate, consolidated cases. Even assuming the Richmond American Homes plaintiffs' breach claims are not exactly coextensive with one another, however, those claims all ultimately involve the same contracts at issue here: the deeds of transfer from the United States to the LRA.

The breach claims of the Richmond American Homes plaintiffs are founded, in effect, upon "the original deeds of transfer, plus" – the "plus" being the later real estate transactions between the LRA and each of the plaintiffs in No. 05-280C. The LRA's breach claim is based, of course, upon the original deeds of transfer from the United States to the LRA. Accordingly, resolving the contract claims of the LRA and each of the four Richmond American Homes plaintiffs will require interpreting the deeds, i.e., the original transactions between the United States and the LRA, from which the Federal Government's contractual obligations to all of the plaintiffs allegedly flow, either entirely or in part.

II. The LRA Should Be Joined As A Plaintiff In Each Case Consolidated In No. 05-280C

Because this case involves both the same "property" and the same "contracts" as the Richmond American Homes cases, this Court's Rules required the LRA to file a notice with its complaint identifying this case as "directly related" to No. 05-280C. RCFC 40.1(a)(2). Had plaintiff done so, as required, this case would have been assigned to Judge Baskir. See id. The Rules require more than consolidation of the Lowry cases, however. The LRA should be made a plaintiff in each individual lawsuit pending before Judge Baskir in No. 05-280C, since every Richmond American Homes plaintiff relies upon at least one deed to which the LRA is a party.

The "general rule" is "that where rights sued upon arise from a contract all parties to it must be joined." Ward v. Deavers, 203 F.2d 72, 75 (D.C. Cir. 1953). "[A] contracting party is the paradigm of an indispensable party." Traveler's Indem. Co. v. Household Intl., Inc., 775 F. Supp. 518, 527 (D. Conn. 1991). Here, although the Richmond American Homes plaintiffs are not technically "parties" to the deeds transferring Lowry property from the United States to the LRA, they assert rights under those deeds and are, therefore, for equivalent reasons, "persons to be joined if feasible," pursuant to RCFC 19(a).

The factors to be considered under RCFC 19(a), which parallels the corresponding Federal Rule of Civil Procedure, are whether

> (1) in the . . . absence [of a person proposed to be joined,] complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or

> otherwise inconsistent obligations by reason of the claimed interest.

All of the concerns highlighted by the Rule are present in this case.

First, a person, such as each of the Lowry plaintiffs, that asserts rights under a contract in litigation

> is a person in "whose absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a)(1). The Advisory Committee's note to this provision provides that the complete relief clause of Rule 19(a) was designed to "stress[ ] the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Fed. R. Civ. P. 19(a) advisory committee's note. "The interests that are being furthered here," the Committee wrote, "are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Id.; see also E.I. Du Pont De Nemours & Co. v. Fine Arts Reproduction Co., Inc., 1995 WL 312505, *3 (S.D.N.Y. 1995). It is uncontestable that [one contracting party's] rights under the contract arise from the "same essential subject matter" as [another's] rights under the exact same contract. Therefore, at the very least, the public's interest in "avoiding repeated lawsuits on the same essential subject matter" necessitates a finding that [a contracting party] is a necessary party.

Global Discount Travel Servs., LLC v. Trans World Airlines, Inc., 760 F. Supp. 701, 708 (S.D.N.Y. 1997).

Equally important, construing the Lowry deed covenants in the absence of either the LRA or the Richmond American Homes plaintiffs could "as a practical matter impair or impede [an absent party's] ability to protect [its] interest," since, for example, defendant may assert claim preclusion against a plaintiff that is in contractual privity with a plaintiff against which defendant has litigated a claim to a final judgment. See, e.g., Southwest Airlines Co. v. Texas Intl. Airlines, 546 F.2d 84, 95 (5th Cir. 1977). This consideration is particularly weighty here, where

defendant's factual defense to liability in all of the Lowry cases will involve demonstrating that the LRA – which completely regraded the Lowry property, installed utilities, and constructed roads before transferring the property to the developer plaintiffs – is wholly or partly responsible for disturbing and spreading the asbestos that later led the Colorado environmental regulators to issue the compliance advisories. Especially in view of res judicata concerns, it makes practical sense for the LRA to be a party to the lawsuits in which that defense is litigated.

Finally, proceeding without joining all of the Lowry plaintiffs would expose the United States to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." RCFC 19(a); cf. Intellectual Prop. Devel., Inc. v. TCI Cablevision of Cal., Inc., 248 F.3d 1333, 1347-48 (Fed. Cir. 2001) (noting right of alleged patent infringer to respond to patentee and licensee in a single lawsuit); Global Discount, 760 F. Supp. at 708. The latter risk for defendant is essentially the obverse of the risk of claim preclusion for plaintiffs: Assuming that the first Lowry lawsuit to proceed to final judgment did not operate as res judicata with respect to the interpretation of the deed covenants in a later case, the United States could find itself owing differing obligations, under identical covenants, to different parties to the covenants.

## III. Alternatively, This Case Should Be Consolidated With Consolidated Case No. 05-280C

If the LRA is joined as a plaintiff in the preexisting Lowry cases as RCFC 19 requires, all of the cases could continue to be handled on a consolidated basis. Whether or not joinder is ordered, however, it is clear, as noted, that all of the Lowry cases are "directly related" within the meaning of RCFC 40.1. At a minimum, therefore, this case should be consolidated with the cases in No. 05-280C, for purposes of briefing dispositive motions before Judge Baskir.

Defendant and the Richmond American Homes plaintiffs expect to conclude all discovery in those cases by May 26, 2006. We have agreed upon the following briefing schedule, which we anticipate will be adopted by Judge Baskir:

| | |
|---|---|
| Plaintiffs' consolidated brief: | June 30, 2006 |
| Defendant's opposition and cross-motion: | July 30, 2006 |
| Plaintiffs' opposition and reply: | August 30, 2006 |
| Defendant's reply: | September 15, 2006 |

The Government expects to file a motion to dismiss plaintiffs' claims under section 330 of the National Defense Authorization Act of 1993, as amended, 10 U.S.C. § 2687 note, for failure to state a claim upon which the Court could grant relief.

Count one of the LRA's complaint, like count one of the complaint in No. 05-280C, seeks compensation under section 330 for the costs of responding to the Colorado compliance advisories. LRA Compl. ¶¶ 48-63; Richmond Am. Compl. ¶¶ 61-73. (The LRA also seeks to recover some costs allegedly related to homeowner claims.) After consolidation, the Government could file a single motion to dismiss the section 330 claims of all Lowry plaintiffs, wholly or in part. We would not oppose a request by the LRA, which is represented by separate counsel, to file its own brief opposing our motion, separate from the brief of the other plaintiffs, which is due on August 30, 2006. Moreover, pending resolution of our motion to dismiss, the parties could proceed in this case in accordance with RCFC Appendix A, beginning with the filing of the joint preliminary status report, which is due on June 12, 2006.

CONCLUSION

For the reasons given above, we respectfully request the Court to order the joinder of plaintiff with the plaintiffs in the cases in consolidated case No. 05-280C, as described above, or, in the alternative, to consolidate this case with those cases for purposes of briefing dispositive motions.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/
DAVID M. COHEN
Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

DAVID R. VECERA
Environmental Attorney
Air Force Legal Services Agency
Environmental Law and Litigation Division

Arlington, VA

April 25, 2006

CERTIFICATE OF FILING

I certify that on April 25, 2006, the foregoing motion was filed electronically. Service is complete upon filing and parties may access this filing through the Court's system.

s/Kyle Chadwick