Case No. 06-75 C
(Judge Wheeler)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

LOWRY ECONOMIC REDEVELOPMENT AUTHORITY,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

---

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER OF PLAINTIFFS UNDER RCFC 19(a) OR, IN THE ALTERNATIVE, FOR CONSOLIDATION WITH CASE NO. 05-280C**

---

Durward E. Timmons, Esq.
SHERMAN & HOWARD L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Phone: (719) 475-2440
Fax: (719) 635-4576
Email: dtimmons@sah.com

Attorneys for Plaintiff LOWRY ECONOMIC REDEVELOPMENT AUTHORITY

May 11, 2006

# TABLE OF CONTENTS


SUMMARY …………………………………………………………………………. 1

ARGUMENT ………………………………………………………………………....2

I. Defendant's Motion Is Premature As The Issues It Raises Should Be Addressed By The Parties In Their Joint Preliminary Status Report. ……..2

II. Joinder Is Not Appropriate Because None Of The RCFC 19(A) Requirements Apply. …………. 3

a. The LRA Is Not A Necessary Party Required For A Just Adjudication Of The Richmond Claims. ……….. 4

b. The LRA's Ability To Protect Its Broader Interests Would Not Be Impaired By Resolving The Narrow Claims Of The Richmond Plaintiffs. ……………….4

c. Defendant Does Not Face A Substantial Risk Of Inconsistent Obligations. …….5

III. Consolidation Is Not Mandatory Because The LRA's Case Is Not Directly Related To The Richmond Cases. ……………… 5

a. The LRA's Claims Are Not Based On The Same Contracts As The Richmond Plaintiff's Claims. ……… 6

b. The LRA's Claims Are Broader Than The Richmond Plaintiff's Claims. ……………. 6

IV. The LRA Does Not Oppose Consolidating Its Case With The Richmond Cases For The Limited Purpose Of Responding To Defendant's Motion To Dismiss The Parties' Section 330 Claims. …………... 7

CONCLUSION ……………………………………………………………………….8

APPENDIX …………………….Complaint, *Richmond American Homes of Colorado, Inc. v. United States*, Case No. 05-280C

# TABLE OF AUTHORITIES

## CASES

*Global Disc. Travel Services, LLC v. Trans World Airlines, Inc.*, 960 F. Supp. 701, 708 (S.D.N.Y. 1997) ……………... 4

*Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Associates*, 867 P. 2d 70, 74 (Colo. Ct. App. 1993) …………………6

*Naplesyacht.com, Inc. v. U.S.*, 60 Fed. Cl. 459, 480 (2004) ………………………7

*Traveler's Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518 (D. Conn. 1991) ……………...4

## STATUTES

Section 330 of the National Defense Authorization Act for Fiscal Year 1993, Pub. L. No. 102-484, Div. A, Title III, § 330, 106 Stat. 2371 (Oct. 23, 1992), *amended by* Pub. L. No. 103-60, Div. A, Title X, § 1002, 107 Stat. 1745 (Nov. 30, 1993) ………………….. 2

## RULES

RCFC 12(b)(7) ……………………………………………………….. 3

RCFC 19(a) ……………………………………………………...3

RCFC 40.2(a)(1) ……………………………………………………... 5

RCFC 40.2(a)(1)(A) ……………………………………………………..6

RCFC 40.2(a)(1)(B) ……………………………………………………..7

RCFC 40.2(a)(3) ……………………………………………………... 5

RCFC 42(a) ……………………………………………………...7

RCFC 42.1 ……………………………………………………… 2

RCFC Appendix A(4)……………………………………………1

RCFC Appendix A(4)(b) ……………………………………………...3

RCFC Appendix A(4)(d) …………………………………………….. 3

RCFC Appendix A(4)(f) ……………………………………………... 3

# IN THE UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 06-75 C<br><br>Judge Wheeler |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JOINDER OF PLAINTIFFS UNDER RCFC 19(a) OR, IN THE ALTERNATIVE, FOR CONSOLIDATION WITH CASE NO. 05-280C

The Lowry Economic Redevelopment Authority ("LRA"), through its attorneys, Sherman & Howard L.L.C., hereby responds to Defendant's Motion for Joinder or Consolidation ("Motion") as follows:

## SUMMARY

Defendant seeks to have the LRA joined as a Plaintiff to each of the cases consolidated with Richmond American Homes of Colorado, Inc. v. United States, No. 05-280C, ("Richmond Cases") currently pending before Judge Baskir. Defendant's Motion is premature, as many of the issues raised in the Motion are required to be addressed in the Parties' Joint Preliminary Status Report pursuant to RCFC Appendix A(4).

Joinder is not appropriate because the LRA is not a necessary party for a just adjudication of the Richmond Cases. Complete relief can be afforded to the Plaintiffs in the Richmond Cases ("Richmond Plaintiffs") without the LRA. In addition, the LRA does not claim an interest in the

narrow subject of the Richmond Cases such that Judge Baskir's disposition of the Richmond Plaintiffs' claims would impair or impede the LRA's broader interests. Finally, the disposition of the Richmond Cases would not expose Defendant to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the LRA's interest.

As an alternative to joinder, Defendant requests the LRA's case be consolidated with the Richmond Cases for the narrow purpose of briefing dispositive motions. Despite the fact that the LRA's case is not directly related to the Richmond Cases, there are potential common questions of law or fact among the cases. Accordingly, the LRA does not oppose Defendant's request to consolidate its case with the Richmond Cases pursuant to RCFC 42.1 for the sole purpose of addressing Defendant's Motion to Dismiss all parties' (Richmond Plaintiffs' and LRA's) claims under Section 330 of the National Defense Authorization Act for Fiscal Year 1993, Pub. L. No. 102-484, Div. A, Title III, § 330, 106 Stat. 2371 (Oct. 23, 1992), *amended by* Pub. L. No. 103-60, Div. A, Title X, § 1002, 107 Stat. 1745 (Nov. 30, 1993) ("Section 330").[1] The LRA opposes any other consolidation as such consolidation would prejudice its right to perform appropriate discovery and/or unnecessarily delay the Richmond Cases where it is Plaintiff's understanding that discovery has been completed.

## ARGUMENT

### I. Defendant's Motion Is Premature As The Issues It Raises Should Be Addressed By The Parties In Their Joint Preliminary Status Report.

Defendant's Motion is premature because RCFC Appendix A(4) requires the Parties to address all of the concerns raised in the Motion in their Joint Preliminary Status Report. Specifically, the Parties are required to address whether additional parties will be joined. RCFC

[1] In its Motion, Defendant states that it expects to file a Motion to Dismiss all plaintiffs' Section 330 Claims for failure to state a claim. See Motion at p. 7.

Appendix A(4)(f). Similarly, the Parties are required to discuss whether the case should be consolidated with any other case. Id. at A(4)(b). Finally, the Parties must discuss whether further proceedings should be deferred pending consideration of another case before this court or any other tribunal. Id. at A(4)(d).

If Defendant believes the LRA is a necessary party in the Richmond Cases, it should have asserted that defense in its answer to the Richmond Cases or filed a motion pursuant to RCFC 12(b)(7) prior to filing a responsive pleading.[2] Further, the issue of joinder has already been addressed once in the Richmond Cases. The Richmond Plaintiffs originally filed a single action against the United States for the costs they had incurred in conducting cleanup activities at the former Lowry Air Force Base. Judge Baskir determined it was improper to join all the Richmond Plaintiffs in one action because their claims arose from separate transactions. Accordingly, the actions were split into separate but consolidated cases. See Motion at 3.

## II. Joinder Is Not Appropriate Because None Of The RCFC 19(A) Requirements Apply.

RCFC 19(a) sets forth the criteria for determining whether a party should be joined to a particular action. A party shall be joined (1) if without the absent party, complete relief cannot be accorded among those already parties; or (2) if the absent party claims an interest relating to the subject of the action and is situated such that disposition of the case in the party's absence would either (i) impair the absent party's ability to protect its interest, or (ii) leave any of the existing parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. RCFC 19(a). None of these requirements are applicable here.

[2] At a minimum, Defendant should have raised its concerns about joining the LRA with the Richmond Plaintiffs in the Joint Preliminary Status Report filed by the parties to the Richmond Cases.

**a. The LRA Is Not A Necessary Party Required For A Just Adjudication Of The Richmond Claims.**

Judge Baskir can afford complete relief between the Richmond Plaintiffs and Defendant without joining the LRA. The LRA is not seeking any costs that duplicate those sought by the Richmond Plaintiffs. More importantly, the LRA's claims are broader than the specific costs sought by the Richmond Plaintiffs. Defendant's lengthy quote from Global Disc. Travel Services, LLC v. Trans World Airlines, Inc., 960 F. Supp. 701, 708 (S.D.N.Y. 1997),[3] is simply inapplicable to the facts in this case. That case, along with Traveler's Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518 (D. Conn. 1991), also cited by Defendant, dealt with situations in which all the entities were parties to a contract or joinder agreement. Here, the Richmond Plaintiffs are simply the beneficiaries of property rights as successors in title to specific parcels of land. See Richmond Complaint at ¶ 76 (a copy of which is attached to this Response as an Appendix).

This distinction is critical in light of the fact that the LRA's claims also involve other deeds from Defendant that are unrelated to the Richmond Plaintiffs' claims and are not identical to those addressed in the Richmond Claims. See LRA Complaint at ¶¶ 20, 29. The Richmond Claims involve only those parcels in the Northwest Neighborhood that were transferred to the Richmond Plaintiffs, while the LRA is seeking non-duplicative clean-up costs covering areas both inside and outside the Northwest Neighborhood. Id. at ¶¶ 26, 28, 30.

**b. The LRA's Ability To Protect Its Broader Interests Would Not Be Impaired By Resolving The Narrow Claims Of The Richmond Plaintiffs.**

Exhibit 1 to the LRA's Complaint shows all of the parcels conveyed to the LRA by the Air Force. The LRA's claims include cleanup costs throughout these areas. Exhibit 2, by

[3] Defendant inadvertently cited this case as 760 F. Supp. 701.

contrast, depicts the Northwest Neighborhood alone. Even within this small area, the LRA's claims do not duplicate any costs being claimed by the Richmond Plaintiffs. The LRA's broader claims would not be practically impaired or impeded by a resolution of the more narrow issues addressed in the Richmond Cases.

**c. Defendant Does Not Face A Substantial Risk Of Inconsistent Obligations.**

Defendant's concerns regarding claim preclusion, res judicata, or the "obverse" risk of incurring inconsistent obligations are misplaced. It is unclear exactly what "differing obligations" Defendant could be exposed to, especially since the LRA's claims are so much broader than those in the Richmond Cases. In any case, all of Defendant's concerns can be adequately resolved in the Parties' Joint Preliminary Status Report by limited consolidation to avoid duplicate litigation of identical issues.

**III. Consolidation Is Not Mandatory Because The LRA's Case Is Not Directly Related To The Richmond Cases.**

Although Defendant could have, but has not, filed a Notice of Directly Related Cases under RCFC 40.2(a)(3), Defendant alleges that the LRA should have served such a Notice when it filed its Complaint. See Motion at 4, 6. Consolidation is not mandatory in this case. Although some of the parties' claims are similar, the cases do not meet the requirements to be directly related. "Cases are deemed directly related when an earlier-filed case and the action being filed: (A) involve the same parties and are based on the same or similar claims; or (B) involve the same contract, property, or patent." RCFC 40.2(a)(1). Obviously, the LRA is a different party from

the Richmond Plaintiffs, so the cases are not directly related pursuant to RCFC 40.2(a)(1)(A) despite the fact that there are similar claims.[4]

**a. The LRA's Claims Are Not Based On The Same Contracts As The Richmond Plaintiffs' Claims.**

The only contracts between Defendant and the LRA are the Economic Development Conveyance Agreement ("EDC Agreement"), the Offer to Purchase Real Property and Acceptance under 40 C.F.R. § 484(e)(3)(G) ("Negotiated Sale Agreement") and various lease agreements between the LRA and Defendant. See Lowry Complaint at ¶¶ 15-17. The Richmond Plaintiffs do not base any of their claims on those contracts.

The covenants referred to in Defendant's Motion were required by federal statute and contained in various deeds from Defendant to the LRA. See, e.g., Richmond Complaint at ¶ 25 ("[the] deed transferring property . . . contains covenants by the Air Force pursuant to CERCLA § 120(h)"). The Richmond Plaintiffs allege they "are beneficiaries of the deed covenants as successors in title to the Properties." Id. at ¶ 76. This is consistent with Defendant's recognition that the covenants run with the land, effectively giving the Richmond Plaintiffs property rights that can be asserted against Defendant. See Motion at 2; see also Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Associates, 867 P.2d 70, 74 (Colo. Ct. App. 1993) ("Unlike personal covenants, which operate like a general contact provision and bind only the actual parties to the covenant, real covenants 'run with the land' and burden or benefit successors in interest.").

**b. The LRA's Claims Are Broader Than The Richmond Plaintiffs' Claims.**

---

[4] Plaintiff notes that Am. Int'l. Specialty Lines Ins. Co. v. United States, Case No. 05-1020C, currently pending before Judge Sweeney, also involves similar Section 330 and breach of deed covenant claims. The Government filed a Motion to Dismiss those claims on November 29, 2005. That motion has now been fully briefed, though it is unclear when a ruling will be made, and what, if any, impact such a ruling would have on this case or the Richmond Cases.

While the property involved in both cases was originally part of the former Lowry Air Force Base, the Richmond Plaintiffs base their claims on damages incurred as a result of their ownership of specific lots in the Northwest Neighborhood areas. See, e.g., Richmond Complaint at ¶¶ 35-38. In contrast, the LRA is not claiming damages for cleanup costs that would duplicate any damages claimed by the Richmond Plaintiffs. Further, the LRA is seeking to recover broader cleanup costs it has incurred both inside and outside of the Northwest Neighborhood. Thus, the LRA's claims do not involve the same "contract, property, or patent" as required by RCFC 40.2(a)(1)(B). In addition to having broader claims in terms of the physical area, the LRA also received claims asserted by individual homeowners. Id. at ¶¶ 38-41. These Homeowner Claims are not included in the Richmond Cases.

**IV. The LRA Does Not Oppose Consolidating Its Case With The Richmond Cases For The Limited Purpose Of Responding To Defendant's Motion To Dismiss The Parties' Section 330 Claims.**

Despite the fact that this case and the Richmond Cases are not directly related, there are potential common issues of law and fact in both cases. A key issue is the proper statutory interpretation and application of Section 330. The LRA recognizes that limited consolidation is permissible pursuant to RCFC 42(a) and may accomplish the two-fold purpose of RCFC 40.2, "to ensure consistent application of the law to cases that involve similar legal issues . . . [and] to make the best use of judicial resources by maximizing the efficiencies achieved by having a judge knowledgeable about transactions with similar issues of fact and/or similar parties preside over subsequent like-kind cases." Naplesyacht.com, Inc. v. United States, 60 Fed. Cl. 459, 480 (2004).

Since plaintiffs in both actions have asserted Section 330 claims, the LRA does not oppose consolidation of its case with the Richmond Cases for the limited purpose of allowing the

LRA to file its own brief in opposition to any Motion to Dismiss filed by Defendant regarding the parties' Section 330 claims. See Motion at 7. However, because the LRA's claims under Section 330 are broader than the Richmond Plaintiffs' claims, the LRA opposes any consolidation action that would impede its ability to perform adequate discovery in support of its claims. The LRA further opposes any consolidation, even for briefing dispositive motions, that would require the LRA to present or dispute any factual allegations which the LRA has not had an opportunity to fully investigate through discovery. Finally, because the parties in the Richmond Cases have completed their discovery and the issues involved in those cases are narrower that those in the LRA's case, the LRA opposes any consolidation that could delay the Richmond Cases.

## CONCLUSION

Joinder is inappropriate in this case because complete relief can be afforded to the Richmond Plaintiffs without the LRA. This is clear from the fact that the Government did not seek to join the LRA at the appropriate point in the Richmond Cases. The Government's concerns regarding inconsistent obligations can and should be addressed in the Parties' Joint Preliminary Status Report. The LRA will contact the Government as required by RCFC Appendix A(3) to initiate the preparation of this report.

For the foregoing reasons, the LRA respectfully requests that the Court deny Defendant's Motion or, if the Court determines limited consolidation is appropriate, order this case consolidated with the Richmond Cases for the limited purpose of allowing the LRA to file an opposing brief if Defendant files a permissible Motion to Dismiss the Richmond Plaintiffs' and the LRA's Section 330 Claims.

DATED this 11th day of May, 2006.

SHERMAN & HOWARD L.L.C.

By: s/ Durward E. Timmons
Durward E. Timmons
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Phone: 719-475-2440
Fax: 719-635-4576
Email: dtimmons@sah.com

Attorneys for Plaintiff LOWRY ECONOMIC REDEVELOPMENT AUTHORITY

**CERTIFICATE OF SERVICE**

I certify that on May 11, 2006, the foregoing *Response in Opposition to Defendant's Motion for Joinder of Plaintiffs Under RCFC 19(a) or, in the Alternative, for Consolidation with Case No. 05-280C* was filed electronically. Service is complete upon filing and parties may access this filing through the Court's system.

s/ Durward E. Timmons