IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY, | ) | |
| Plaintiff, | ) | Case No. 06-75 C |
| v. | ) | Judge Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to RCFC, Appendix A, the parties respectfully submit the following Joint Preliminary Status Report:

(a) Does the Court have jurisdiction over the action? Plaintiff asserts that this Court has jurisdiction over this action pursuant to the Tucker Act because the claims asserted are for money damages arising under an "Act of Congress" and "upon [an] express . . . contract with the United States." 28 U.S.C. § 1491. The Tucker Act provides a general waiver of sovereign immunity for claims falling within its terms. Defendant sees no basis upon which to challenge jurisdiction at this time.

(b) Should the case be consolidated with any other case and, if so, why? Plaintiff asserts that this case should not be consolidated with any other case. On April 25, 2006, defendant filed a motion to join plaintiff in each case consolidated in Richmond American Homes of Colorado, Inc. v. United States, Consolid. No. 05-280C, or, in the alternative, to

consolidate this case with that matter for a limited purpose. Plaintiff filed its opposition to defendant's motion on May 11, 2006. Defendant filed its reply on May 24, 2006.

(c) Should trial of liability and damages be bifurcated and, if so, why? No.

(d) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and if so, why? No. Defendant notes that its April 25, 2006 motion does not request a stay.

(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long? No.

(f) Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder. See response to (b) above.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing? Both parties may file motions pursuant to RCFC 56, but will be able to make a determination whether to do so only after conducting discovery. Defendant expects to file a motion for partial dismissal pursuant to RCFC 12(b)(6), but proposes to await the conclusion of discovery, in order to determine whether to combine that motion with a summary judgment motion.

(h) What are the relevant factual and legal issues? Plaintiff asserts that it acquired property at the former Lowry Air Force Base in Denver, Colorado ("LRA Properties") from Defendant pursuant to the Base Closure and Realignment Act of 1990, Pub. L. No. 101-510, Div. B, Title XXIX, § 2911, 104 Stat. 1819 (Nov. 5, 1990). Following acquisition of the LRA Properties, certain hazardous substances, including asbestos, were determined to be present on

parts of the LRA Properties. Those substances were a result of Defendant's historic activities on LAFB beginning in 1940. As a result of enforcement actions by the State of Colorado, Plaintiff was required to conduct cleanup activities related to the hazardous substances on parts of the LRA Properties even though Defendant represented that hazardous substances did not exist in those parts. In doing so, Plaintiff incurred costs in investigating and removing hazardous substances on the LRA Properties. Plaintiff asserts that Defendant is obligated to indemnify Plaintiff for its cleanup and other costs under Section 330 of the National Defense Authorization Act for Fiscal Year 1993, Pub. L. No. 102-484, Div. A, Title III, § 330, 106 Stat. 2371 (Oct. 23, 1992), *amended by* Pub. L. No. 103-60, Div. A, Title X, § 1002, 107 Stat. 1745 (Nov. 30, 1993), and for breaching deed covenants made pursuant to Section 120(h) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9620(h) ("CERCLA").

Defendant states that (i) plaintiff fails to state a claim for recovery under section 330 of the 1993 Act, in that the claimed costs do not arise from a claim for personal injury or property damage attributable to activities of the Department of Defense (defendant denies, among other things, that Colorado regulators undertook any "enforcement action"); (ii) plaintiff cannot recover under the deed covenants because it caused or exacerbated the alleged contamination at the Air Force Base after taking title from the United States; and (iii) assuming any damages are awarded, plaintiff cannot recover the costs of any environmental remediation that was not, or would not have been, required by CERCLA.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated? Plaintiff will consider alternative dispute resolution but will do so after exchanging documents pursuant to RCFC 26(a). At this time Plaintiff is unable to predict with

any certainty whether settlement is likely. Defendant is willing to consider the possibility of alternative dispute resolution or other settlement discussions after the close of discovery.

(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request an expedited trial scheduling and, if so, why? In the absence of a settlement, Plaintiff anticipates proceeding to trial and, once discovery is completed, anticipates requesting an expedited trial schedule. Defendant anticipates that the case may proceed to trial and would not expect to oppose a reasonably expedited pretrial schedule.

(k) Are there special issues regarding electronic case management needs? This case has been designated for electronic filing. Counsel for both parties are registered users of the Court's electronic filing system.

(l) Is there other information of which the court should be aware at this time? The parties know of none.

## Discovery

Plaintiff's Proposed Discovery Plan

1. Interrogatories: Each party may serve written Interrogatories on any other party on or before January 19, 2007, and is limited to 50 written interrogatories on any other party.

2. Requests for Production: Each party may serve Requests for Production on any other party on or before January 19, 2007, and is limited to 50 requests for production of documents or tangible things or for entry, inspection or testing of land or property on any other party.

3 Requests for Admission: Each party may serve Requests for Admission on any other party on or before January 19, 2007, and is limited to 50 requests for admission on any other party.

4. Depositions: The parties propose no limit on the number of depositions that each party may take.

5. Discovery Cut-Off: All discovery shall be completed on or before February 23, 2007.

The parties shall submit their initial disclosures in accordance with RCFC 26(a)(1). The parties acknowledge that they each have a continuing duty to timely supplement or correct any and all information provided in their respective disclosures.

Plaintiff intends to identify one or more experts to testify regarding the type and sufficiency of the clean-up conducted by Plaintiff on properties owned or controlled by Plaintiff and the damages incurred by Plaintiff as a result of the presence of hazardous substances on such properties. Plaintiffs reserve the right to designate additional experts as necessary based on discovery and in rebuttal to any experts designated by Defendant. Plaintiff shall serve its expert disclosures and reports on or before March 23, 2007. The parties shall exchange any rebuttal expert disclosures and reports on or before April 27, 2007. The parties shall complete any expert discovery on or before June 8, 2007. The parties shall file any dispositive motions on or before July 13, 2007.

Defendant's Proposed Discovery Plan

Defendant opposes (i) departing from the presumptive limits established in the RCFC upon the number of interrogatories (25) and depositions (10) for each party; (ii) limiting the number of requests for production or requests for admission that a party may serve; and (iii) imposing any deadlines for serving discovery requests other than those applicable under the RCFC, absent a specific showing of good cause. Under RCFC 29, the parties may agree to modifications on a case-by-case basis, without extending the close of discovery. Defendant otherwise generally agrees with plaintiff's proposal to conclude fact discovery on February 23, 2007, and with the dates in the concluding paragraph of plaintiff's proposed discovery plan.

Respectfully submitted this 9th day of June, 2006.

SHERMAN & HOWARD L.L.C.

By: s/ Durward E. Timmons
Durward E. Timmons, Esq.
Sherman & Howard, L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Phone: 719-475-2440
Fax: 719-635-4576
Email: dtimmons@sah.com

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KYLE CHADWICK
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7644

Attorneys for Defendant

CERTIFICATE OF FILING

I certify that on June 9, 2006, the foregoing *Joint Preliminary Status Report* was filed electronically. Service is complete upon filing and parties may access this filing through the Court's system.

s/ Durward E. Timmons