# EXHIBIT 7

THE UNITED STATES COURT OF FEDERAL CLAIMS

Case No. 06-75 C
Judge Wheeler

---

DEPOSITION OF CHARLES BRADFORD WRIGHT, VOLUME I
Monday, April 14, 2008

---

LOWRY ECONOMIC REDEVELOPMENT AUTHORITY,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

---

APPEARANCES:

For the Plaintiff: Sherman & Howard, L.L.C.
By Durward E. Timmons, Esq.
90 South Cascade Avenue
Suite 1500
Colorado Springs, Colorado 80903
719.475.2440
dtimmons@sah.com

For the Defendant: U.S. Department of Justice
By Kyle Chadwick, Esq.
L Street, N.W., Room 7062
Washington, D.C. 20530
202.305.7562
kyle.chadwick@usdoj.gov



d1abb75a-94a4-4054-840d-335747d419cd

Page 112

the LRA?
A I have no idea.
Q Is that your sworn testimony today? You have no idea what the discussion was about?
A Yes.
Q What were the Air Force responsibilities with regard to asbestos in buildings after transfer of the parcel to the LRA?
A I can tell you I'm not sure, but I can tell you what I think.
Q I'll take what you think.
A I think that when buildings were transferred the Air Force responsibility was that there would be no friable asbestos in the buildings.
Q After the transfer or before the transfer?
A Before, during and after. Asbestos in buildings is not a problem. After the buildings were transferred, the responsibility for asbestos becomes that of the owner of the parcel. That's what I think.
Q What's the basis upon which you think that?
A My knowledge from working with asbestos at Lowry and my knowledge from working with asbestos as a landlord.
Q The FOST process was designed, was it not,

Page 113

to indicate that a particular parcel if it had buildings on it was suitable for transfer; correct?
A Yes.
Q And as part of that process, parcels that were identified as having buildings on them actually identified the building by building number, didn't they?
A Yes.
Q And was it part of the process to include in that list of buildings by number, residential buildings as well as operational buildings, to include every building on a piece of property that was subject to a particular FOST?
A Yes.
Q And was the purpose of that to notify the transferee, in most cases the LRA, of what buildings that the LRA was going to assume responsibility for, including the abatement and removal and proper handling of asbestos?
A Yes.
Q There were --
A And lead.
Q Pardon me?
A And lead and everything else, and any other -- anything associated -- any problem

Page 114

associated with the building. I bring up lead because lead is analogous to asbestos in that it's a problem of exposure and that if -- if it's covered with paint, as with asbestos, if asbestos is not friable, it's allowable to transfer a building with those contaminants in them as long as those contaminants are -- there's a word I'm looking for -- as long as those contaminants are not -- there's no route of exposure, as long as the route of exposure is blocked by something.
Q And when you're referring to lead, you're referring to lead-based paint; correct?
A Yes. Because the buildings we were transfering had asbestos -- commonly had both asbestos and lead-based paint, and our practice was not to sample for that, but to assume that they likely had both.
Q Was that true for all of the buildings that were transferred to the LRA? Was that the standard practice?
A Yes.
Q And that was to put the LRA on notice to be watchful or -- I'm looking for a word now -- be cognizant of the fact that a building had either lead-based paint and/or asbestos; correct?

Page 115

A Yes.
Q Do you know any cleanup activities that the Air Force conducted itself through its contractors after the transfer of any parcel to the LRA?
A I can't recall.
Q Based on your testimony a few minutes ago, after the transfer of a parcel to the LRA under the FOST process, I understand your testimony to be that the LRA would have been responsible for hazardous materials like lead-based paints and asbestos; correct?
A Yes.
Q And if that was the case, then is it your testimony that the LRA would have been responsible for any asbestos or lead-based paints that occurred in those buildings?
A That's where my managers got into discussion about -- they got into that discussion. I was not involved in that.
Q And that's the discussion as to whether the Air Force or the LRA had that responsibility?
A Yes.
Q So far as you know, is it your testimony today that you're unaware of any location or instance when the Air Force itself conducted sampling or



HULAC COURT REPORTING, LLC
(303) 331-0131, (303) 331-9898 FAX

c6266891-63f4-44b6-8d9f-8887b7f732e5