# EXHIBIT 10

**DEPARTMENT OF DEFENSE**
**OFFICE OF GENERAL COUNSEL**
**1600 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1600**

December 1, 2005

Mr. Thomas O. Markham
Executive Director
Lowry Redevelopment Authority
555 Uinta Way
Denver, CO 80230

Dear Mr. Markham:

This is a final decision on the Lowry Redevelopment Authority's (LRA) request for indemnification under section 330 of the National Defense Authorization Act for Fiscal Year 1993, Pub. L. 102-484, as amended. The request is contained in a series of letters from the LRA, directly or through its attorneys, dated May 28, 2003; June 5, 2003; August 22, 2003; October 30, 2003; December 29, 2003; and October 7, 2005. The request for indemnification is based on costs relating to allegations of contamination by asbestos on property at the former Lowry Air Force Base (AFB) transferred from the United States to the LRA.

I have reviewed those letters and associated documentation. The request for indemnification can reasonably be divided into two separate categories: (1) a payment by the LRA of approximately $540,000 to McStain Enterprises, Inc., and Wiggs Custom Homes for expenses those companies incurred at the former Lowry AFB; and, (2) the remainder of the LRA's expenditures that were made directly by the LRA to comply with two Compliance Advisories, dated April 24 and 30, 2003, respectively, issued by the Colorado Department of Public Health and Environment (CDPHE).

It is my understanding that the LRA and the United States have entered into a separate agreement to reimburse the LRA the approximately $540,000 paid by it to McStain Enterprises, Inc., and Wiggs Custom Homes and that the LRA has received that payment; consequently, I consider that portion of the section 330 request for indemnification as settled and I will not address it further here.

Regarding the remainder of the requested indemnification, it is the determination of the Department of Defense that the LRA's request is not eligible for indemnification under section 330. I reach this conclusion because section 330(a)(1) explicitly requires certain predicates of a request for indemnification, including that the request be based on a "...suit, claim, demand or action, liability, judgment, cost or other fee arising out of **any claim** for personal injury or property damage..." (emphasis added). Section 330 clearly provides for the possible indemnification of claims made against the LRA by others, not for reimbursement of expenses for actions the LRA has undertaken itself, such as those of

the remainder of the requested indemnification. There is no indication that the remainder of the requested indemnification is the result of a claim against the LRA from another entity. I have considered the LRA's assertion in your counsel's letter to me of October 7, 2005, that the two Compliance Advisories are in the nature of such a claim because they directed the LRA to take certain actions the LRA believed necessary to protect the public health, mitigate damages, and avoid further enforcement action by CDPHE. While the Compliance Advisories perhaps may be considered as a "...claim, demand or action..." as your counsel's letter asserts (I express no opinion on that matter), the Compliance Advisories clearly do not qualify as a "...claim for personal injury or property damages..." as the remainder of section 330(a)(1) requires. Actions taken by the LRA in response to the Compliance Advisories do not qualify for indemnification under section 330.

I take this action pursuant to a delegation of authority by the Secretary of Defense through the General Counsel of the Department of Defense. This constitutes a final action on the LRA's request for reimbursement pursuant to subsection (b)(1) of section 330. It does not constitute action on any claim by the LRA outside of section 330; any other such claim or claims will be addressed through those processes established for their resolution.

To the extent you believe I have misinterpreted the facts upon which this decision is based, you may seek reconsideration of this decision by filing a request to that effect within 45 days of receipt of this letter. Any such request for reconsideration should be addressed to me and specify which facts you believe have been misinterpreted. Such reconsideration will not extend to determinations concerning the law, except as they may have been applied to the facts. For future reference, I have designated this request for indemnification as #OSD-330-002.

If you have any questions relating to this matter, please do not hesitate to contact Mr. Philip Sheuerman of my office at 703-692-2287.

Sincerely,

James G. Van Ness
Acting Deputy General Counsel
Environment and Installations

Cc: Mr. D. Timmons