# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 06-75 C<br><br>Judge Wheeler |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD SET OF INTERROGATORIES

Plaintiff Lowry Economic Redevelopment Authority ("LRA"), through its attorneys, Sherman & Howard L.L.C., hereby responds to Defendant's Third Set of Interrogatories ("Requests") and states as follows:

Plaintiff hereby incorporates all of the general and specific objections set forth in Plaintiff's Response to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents ("Requests").

INTERROGATORY NO. 22

For every location at which any substance or material was allegedly remediated, abated, or removed, and for which you seek to recover the costs of such remediation, abatement, or removal in this case, identify as specifically as possible: (i) the location (in descending order of specificity: by street address; cross streets; or filing, block, and lot number); (ii) all substance(s) or material(s) that you allege were remediated, abated, or removed at that location (distinguishing, e.g., ACM from disaggregated asbestos); (iii) the earliest document of which you are aware that reflects or records plaintiff's discovery of each identified substance or material at that location; and (iv) whether you seek to recover costs arising at that location under the first claim for relief in the complaint, the second claim for relief, or both.

RESPONSE: The LRA objects to this interrogatory as the terms "substance or material" and "disaggregated asbestos" are overly broad and vague. Furthermore, records indicating areas where substances or materials were remediated, abated, or removed and records concerning costs incurred by the LRA were previously made available to the Air Force. The burden of deriving or ascertaining the answers to Interrogatory No. 22 is substantially the same for Defendant and Plaintiff.

1S4-06-75-05

INTERROGATORY NO. 23

For every location in your response to the preceding interrogatory, identify by Bates page, paragraph (or table), line, and (if applicable) column of text exactly where, if anywhere, you allegedly provided "notif[cation to] the Department of Defense in writing," within the meaning of section 330(b)(1), 10 U.S.C. § 2687 note, of the costs you seek to recover relating to that location.

RESPONSE: The LRA objects to this interrogatory as the terms "substance or material" and "disaggregated asbestos" in Interrogatory No. 22, incorporated by reference in Interrogatory No. 23, are overly broad and vague. Further, all notifi[cations to] the Department of Defense in writing were previously made available to the Air Force. The burden of deriving or ascertaining the answers to Interrogatory No. 23 is substantially the same for Defendant and Plaintiff. The LRA further objects to this interrogatory as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because the LRA began this action within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the Department of Defense.

INTERROGATORY NO. 24

For all "stockpiles" (our term) or "piles of soil" (your term) to which you referred in your November 2006 responses to defendant's requests for admission number 4 and 5, state with specificity when, where, and to what testing threshold (e.g., one percent by volume) the soil contained in each pile was tested for the presence of asbestos; if your answer differs for different piles, explain this in full.

RESPONSE: The LRA objects to this interrogatory overbroad, vague and confusing. The LRA made no reference whatsoever to "piles of soil" in response to defendant's request for admission number 4. The LRA objects to the term "stockpiles" as vague and ambiguous. Moreover, records indicating the nature and extent of testing for asbestos by or on behalf of the LRA were previously made available to the Air Force. The burden of deriving or ascertaining the answers to Interrogatory No. 24 is substantially the same for Defendant and Plaintiff.

DATED this 11th day of April, 2008.

SHERMAN & HOWARD L.L.C.

By: ______________________
Durward E. Timmons
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903
Phone: 719-475-2440
Fax: 719-635-4576

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *Plaintiff's Response To Defendant's Third Set Of Interrogatories* was forwarded via email and placed in the U.S. Mail, postage prepaid, on the 11th day of April, 2008, addressed to the following:

Kyle Eric Chadwick
U.S. Department of Justice
Civil Div. – Commercial Litigation Br.
1100 L Street, N.W., Room 7062
Washington, D.C. 20530

kyle.chadwick@usdoj.gov

______________________
Durward E. Timmons