IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOWRY ECONOMIC REDEVELOPMENT AUTHORITY, | ) | |
| Plaintiff, | ) | No. 06-75C |
| | ) | (Judge Wheeler) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY UNDER COUNT ONE**

Pursuant to Rule 56(h)(2) of the Rules of the United States Court of Federal Claims ("RCFC") and the pretrial scheduling order, as amended, defendant, the United States, respectfully responds to the motion for partial summary judgment as to liability under count one filed by plaintiff, the Lowry Economic Redevelopment Authority ("the LRA"), on June 20, 2008. We respectfully presume the Court's familiarity with our pending motion for judgment upon the pleadings as to count one, also filed on June 20, and with our accompanying responses to the LRA's proposed findings of uncontroverted fact.

Because our pending motion demonstrates that count one fails to state a claim under section 330 of the National Defense Authorization Act of 1993, 10 U.S.C. § 2687 note, upon which the Court could grant relief, and because the LRA's motion does not directly address the reasons set forth in our motion why the compliance advisories issued by the Colorado Department of Public Health and the Environment ("CDPHE") to the LRA and others in 2003 do not qualify as "claim[s] for . . . property damage" within the meaning of section 330(a)(1), this response to the LRA's motion need not be lengthy.

I. The Compliance Advisories Are Not Covered "Claims For Property Damage"

We established in our motion that the Court properly held in American International Specialty Lines Insurance Co. v. United States, No. 05-1020C, slip op. at 35-36 (Fed. Cl. Jan. 31, 2008) ("AISLIC"), that the plain language of section 330 makes a third-party "legal demand[] for money damages" a prerequisite to indemnification, and that, as explained in AISLIC, the contrary holding in Richmond American Homes of Colorado v. United States, 75 Fed. Cl. 376, 391-93 (2007) ("Richmond I"), appeal filed, is mistaken. See Def. Br. 6-14.

In its own motion, the LRA attempts to distinguish AISLIC upon its facts. Pl. Br. 6. Plaintiff essentially ignores the AISLIC Court's criticisms of the statutory interpretation in Richmond I, and the AISLIC Court's unambiguous rulings "that section 330 requires a third-party 'claim for personal injury or property damage'" against a section 330 claimant, and that the "indemnification claim [itself] is not [such] a third-party claim." AISLIC, slip op. at 35.

The LRA begins, instead, by arguing that we are collaterally estopped by the ruling in Richmond I that the CDPHE compliance advisories constitute "claim[s] for . . . property damage" within the meaning of section 330, although the LRA was not a party in that case. Pl. Br. 14-20. Strangely, however, while broadly surveying the laws of other circuits, the LRA fails to cite the one controlling authority. The Court of Appeals for the Federal Circuit held more than a decade ago that, pursuant to United States v. Mendoza, 464 U.S. 154, 162 (1984), collateral estoppel "is available against the government only when the parties to the two proceedings are the same." Bingaman v. Department of Treasury, 127 F.3d 1431, 1439 (Fed. Cir. 1997).

Accordingly, "nonmutual" collateral estoppel can never be invoked against defendant in this Court. See Milas v. United States, 42 Fed. Cl. 704, 714 (citing Bingaman), aff'd, 217 F.3d

854 (Fed. Cir.1999) (table); Howarth v. United States, 41 Fed. Cl. 160, 164 (1998) (citing Bingaman), aff'd, 217 F.3d 853 (Fed. Cir. 1999) (table). Because the LRA was not a party in the Richmond case, collateral estoppel has no application here.

To the extent the LRA offers any arguments other than collateral estoppel in favor of finding the compliance advisories to be "claim[s] for . . . property damage" within the meaning of section 330, the LRA essentially only recites the reasoning of Richmond I. Pl. Br. 21-27. We, and the AISLIC Court before us, have already demonstrated, however, that the Richmond I Court misread section 330 and its legislative history – Senator John McCain was not, for example, the "sponsor," id. at 21, or the "author," Richmond I, 75 Fed. Cl. at 391, of the relevant, "arising out of any claim for . . . property damage" language – and that the interpretation of section 330 adopted in Richmond I and in New London Development Corp., ASBCA No. 54535, 05-2 BCA ¶ 33018, cited in Pl. Br. 27, leads to ungrammatical and absurd results. See AISLIC, slip op. at 35-37 & n.25; Def. Mot. 10-13.

Indeed, the LRA's argument that the compliance advisories qualify as "claims for property damage" simply because they "required the [LRA] to incur substantial costs which qualify as an 'economic loss,'" Pl. Br. 27, is the same reading that the AISLIC Court properly noted would, among other things, "render the 'settle or defend' language of section 330(c) nonsensical," because, under that reading, the Secretary of Defense would be entitled to take over the settlement or defense of a "claim for . . . economic loss" brought against the Government by the section 330 claimant itself. AISLIC, slip op. at 35. Instead, the statutory language "clearly demonstrates that the 'claim for personal injury or property damage' is separate and distinct from

the request for indemnification [and that a] third-party claim is necessary to obtain indemnification under section 330." Id. at 34.

Accordingly, absent a third-party damage claim, the LRA's section 330 count fails.

## II. If Reached, Genuine Disputes Of Fact Preclude A Ruling That The Alleged Asbestos "Claim" Resulted Exclusively From Military Activities, As Required By Section 330

In addition to asserting that the compliance advisories were "claims for property damage," the LRA contends in its motion that (1) it is an entity described in section 330(a)(2)(D) as being eligible for indemnification, Pl. Br. 21; (2) the advisories "result[ed] from, or [were] predicated upon, the release or threatened release of any hazardous substance, pollutant or contaminant . . . as a result of Department of Defense activities," as required by section 330(a)(1), id. at 28-31; and that (3) the LRA satisfied the procedural requirements of section 330(b). Id. at 31. Because the Government is entitled to judgment upon the pleadings as to the LRA's section 330 claim, the Court need not decide these three issues.

If for any reason the Court reaches these issues, we do not dispute that the LRA is an entity that "acquire[d] ownership or control" of military base property within the meaning section 330(a)(2)(C) and (D), or that the LRA submitted a timely claim consistent with section 330(b) for at least some of the costs it seeks in this litigation. However, if the section 330 count is not resolved upon our dispositive motion, we reserve the right to demonstrate at trial that the LRA's administrative claim did not encompass all of the costs that plaintiff now seeks.

Finally, if we are not granted judgment upon the pleadings, the Court could not determine upon partial summary judgment that the compliance advisories were premised upon a threatened release of asbestos solely "as a result of Department of Defense activities," as required by section

330(a)(1), and that, correspondingly, the LRA did not "contribute[] to any such release or threatened release," as required by section 330(a)(3). The LRA's proposed findings of fact to this effect are unsupported by record evidence. See Def. Resp. Pl. PFF ¶¶ 9-10. Furthermore, there is substantial evidence that the LRA either caused or "contributed to" the release or threatened release of asbestos fibers in the Northwest Neighborhood – given that the LRA had performed significant demolition; removal of old utility lines; regrading; installation of electric, gas, water, and sewer lines; and street construction, throughout the Northwest Neighborhood, beginning in 1999, four years before the CDPHE raised concerns about asbestos. See Pl. Mot. Exh. 9 (Berger Dep. 22-33). Because there is, at a minimum, a genuine dispute of fact regarding an element of liability under section 330, if count one survives, the LRA must prove at trial that the supposed asbestos "claim" by the CDPHE alleged a release or threatened release that resulted from military activities at Lowry, rather than from the LRA's own extensive activities at the site. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## CONCLUSION

For the reasons given above, we respectfully request the Court to deny the LRA's motion.

Respectfully submitted,
GREGORY G. KATSAS
Assistant Attorney General

s/Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

s/Leslie Cayer Ohta
by Kyle Chadwick
LESLIE CAYER OHTA
Trial Attorney
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0476
Fax: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

DAVID R. VECERA
Deputy Chief
Air Force Legal Operations
Agency
Environmental Law and
Litigation Division
Bolling AFB
Washington, D.C.

July 21, 2008

CERTIFICATE OF FILING

I hereby certify that on July 21, 2008, this document was filed electronically. I understand that service is complete upon filing, and parties may access this filing through the Court's electronic system.

s/Kyle Chadwick