# In the United States Court of Federal Claims

No. 06-75L

(Filed: July 22, 2008)

```
************************************* *
                                      *
LOWRY ECONOMIC REDEVELOPMENT          *
AUTHORITY,                            *
                                      *
                    Plaintiff,        *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
************************************* *
```

**AMENDED PRETRIAL ORDER**

On July 21, 2008, counsel for Defendant filed a motion to amend the March 7, 2008 pretrial scheduling order. For good cause shown, Defendant's motion is granted. Accordingly, the pretrial schedule is amended as follows:

1. Replies to the parties' dispositive motions, if any, must be filed on or before August 4, 2008.

2. Trial shall begin on Tuesday, December 9, 2008 at 9:30 AM in Denver, Colorado. The Court will allot seven days, through Wednesday, December 17, 2008, for trial in this action. The trial will encompass all pending issues of liability and damages. The Court will provide information regarding the location of the courthouse in Denver at a future date. The Court will endeavor to arrange access to the courtroom in advance of trial.

3. On or before November 10, 2008, counsel for the parties shall file with the Court and exchange with each other the following information:

   a. Stipulations of all uncontested material facts, in the format of numbered paragraphs, signed by counsel of record for both parties.

b. A separate statement by each party of the contested factual issues to be addressed at trial, and as to each issue, the contentions of fact that the party expects to prove at trial.

c. A separate statement by each party identifying the contract clauses, statutory provisions, and applicable regulations, if any, that each party contends are relevant to the Court's determination.

d. A separate statement by each party of the proposed conclusions of law that each party believes will be established, along with the citation to the lead case(s) that each party relies upon.

e. A list of exhibits that each party expects to offer into evidence at trial. To the extent feasible, exhibits shall be numbered in chronological order, with the earliest dated exhibit first. Expert witness exhibits and summaries, if any, shall be listed last. The parties shall provide to the opposing party (not to the Court) a complete copy of each exhibit appearing on the exhibit list. Except for cross-examination or rebuttal exhibits, any exhibit not included on the list filed with the Court will not be admitted at trial.

f. A list of the persons expected to be called as witnesses at trial, including the full name and address of each person, a brief description of the subject matter of the person's testimony, and the expected length of direct examination. Counsel shall indicate for each witness whether the witness is certain to testify at trial, or whether the witness "may" testify at trial. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

4. On or before December 1, 2008, counsel for the parties shall file with the Court and exchange with each other their objections, if any, to the exhibits received from opposing counsel. The parties must indicate the nature of the objection lodged, and the applicable rule of the Federal Rules of Evidence relied upon for each objection. All exhibits to which no objection is lodged shall be admitted into evidence at the beginning of the trial. All other exhibits may be offered into evidence individually as the trial progresses. In the course of identifying trial exhibits and objections thereto, counsel are requested to coordinate their efforts to eliminate duplicate exhibits.

5. Each party should furnish to the Court at the beginning of trial a copy of the exhibits to which there is no objection, and which shall be admitted into evidence. Each party also should have sufficient copies of exhibits at trial to provide a complete set to the Court reporter for use during trial, and for use by witnesses while testifying.

6. Any party desiring to file a pretrial motion (other than previously filed dispositive motions), shall do so sufficiently in advance of trial so that the motion may be fully briefed and

considered by the Court. The existence of any pending motion will not under any circumstances serve to delay the start of trial.

7. The Court will hold a Final Pretrial Conference by telephone on December 3, 2008 at 2:00 PM. Counsel of record are required to participate.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge